**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**QUINTIN WRIGHT**                                                                      **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO.** _3:21-cv-148-DPJ-FKB_

**CORECIVIC, INC., AND CORECIVIC OF**                              **DEFENDANTS**
**TENNESSEE, LIMITED LIABILITY COMPANY,**
**JOHN AND JANE DOES 1-100**

**PLAINTIFF'S ORIGINAL COMPLAINT**

***Jury Trial Demanded***

1.      This complaint is brought by Quintin Wright (hereinafter, "Plaintiff"), by and through undersigned counsel, against CoreCivic, Inc., CoreCivic of Tennessee, Limited Liability Company, and John and Jane Does 1-100, (hereinafter, "Defendants".)

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.00

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the Plaintiff's well-pleaded complaint alleges a civil action arising under federal law.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Mississippi. Moreover, upon information and belief, all or most of the parties reside in this Judicial District.

**PARTIES**

5.      Plaintiff Quintin Wright ("Plaintiff") was an inmate at the Tallahatchie County Correctional Facility (TCCF) in Tutwiler, Mississippi at the time of the facts giving rise to

1

this cause of action. Plaintiff is an adult citizen of Arkansas and is currently an inmate in Beaumont, Texas.

6.      Defendant, CoreCivic Inc., is a Maryland corporation with its principal place of business located in Nashville, Tennessee.  CoreCivic Inc. manages and operates the Tallahatchie County Correctional Facility located at 19351 US Hwy 49 N, Tutwiler, Mississippi 38963, a multi-security prison for males, under a contract with the United States Bureau of Prisons.  CoreCivic Inc. has the responsibility for providing humane care and treatment consistent with all constitutional and ACA standards. CoreCivic Inc. is subject to the in personam jurisdiction of this Court by service of process upon its appointed registered agent, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

7.      Defendant CoreCivic of Tennessee, LLC. is a Tennessee corporation and is subject to the in personam jurisdiction of this Court by service of process upon its appointed registered agent, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

8.      The Plaintiff is ignorant as to the identities of Defendants John and Jane Does 1-100, who are unknown CoreCivic Inc. and/or CoreCivic of Tennessee officers, employees, agents, and or servants.  Plaintiffs will amend this Complaint to allege their true names and allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by their conduct. Plaintiff, upon information and belief, asserts that the Doe Defendants were the officers, agents, servants, and employees of the CoreCivic Defendants herein, and were acting with the permission and consent within the course and scope of said agency and employment.

**FACTS**

9.     At the time of the incident, Plaintiff was a disabled man who suffered from neuromyelitis optica spectrum disorder (NMOSD), Anti-Mog, seizures, severe nerve damage in his back, complications in his knees and hips, and mental health issues, all of which were documented.

10.     On or around March 1, 2020 the Plaintiff was injured without provocation by an employee of CoreCivic Inc. and/or CoreCivic of Tennessee, LLC. (collectively referred to as CoreCivic hereafter), Rodarius Miller (Miller). Plaintiff was waiting in the pill call line, joking with one of the other inmates. Miller mistook a joke to an inmate as if it were directed towards correctional officer Shanteka Morehead (Morehead), who Plaintiff later learned was Miller's girlfriend. After telling the Plaintiff not to speak to Morehead that way, Plaintiff told Miller that he was not talking to her. Nonetheless, Miller proceeded to get aggressive with Plaintiff, puffing out his chest out and asking Plaintiff if he thought that he was tough. Miller is much larger than the Plaintiff. Morehead and correctional officer Mishay Hampton (Hampton) told Plaintiff to go to the back of the line and he complied with that order. However, Miller pursued the Plaintiff and struck him at least six times with his fist. After failing to defend himself by swinging back, and after the other officers failed to stop the assault, Miller picked up the Plaintiff and slammed him onto the ground and onto his bad back. While on the ground, Miller struck Plaintiff many more times before he was finally removed successfully by multiple staff members. At the time, Miller was acting in his course and scope of employment with CoreCivic.

11.     The Plaintiff was also sprayed with a chemical spray by other officers who were attempting to pull Miller away. Plaintiff was placed in handcuffs and was forced to endure the pain of being beaten and sprayed in the eyes with the chemical spray as another correctional

officer proceeded to threaten his safety. The chemical spray caused the Plaintiff additional pain and suffering as he was not allowed to wash off the irritant. An unidentified CoreCivic employee assaulted the Plaintiff as he laid on the ground. The Plaintiff was subsequently placed in lockdown for "punishment" even though he was wrongfully attacked. The punishment was later reversed by the warden.

12. Correctional officers Morehead and Hampton were present when the assault occurred. At the time, Morehead and Hampton were acting in the course and scope of their employment. Morehead and Hampton failed to intervene and prevent Miller from assaulting the Plaintiff.

13. Prior to filing this lawsuit, the Plaintiff exhausted his administrative remedies.

14. As a result of the above incident, the Plaintiff suffered physical and mental pain and suffering and continues to do so. Plaintiff regularly experiences nightmares since the event took place. Plaintiff sometimes experiences pain so great in his legs that he must resort to using a wheelchair to get around.

## CAUSES OF ACTION

## CONSTITUTIONAL CLAIMS

15. CoreCivic, by and through Doe Defendants 1-100's, acted with deliberate indifference to the safety of the Plaintiff and other TCCF inmates on March 1, 2020, and the establishment of customs, policies and practices which created unconstitutional conditions of confinement, CoreCivic and Doe Defendants 1-100 violated the clearly established constitutional rights of the Plaintiff, including but not limited to:

a) Cruel and unusual punishment under the Eighth Amendment;

b) Plaintiff's right to be safe and protected from injuries while in Defendants' custody;

c)    Plaintiff's right to be protected by the correctional officers while under their control; and

d)    Plaintiff's right to be free from excessive and unreasonable force.

16.    As a direct and foreseeable result of Defendants' actions, Plaintiff suffered damage including but not limited to, physical injuries, emotional distress, mental anguish, as well as pain and suffering.

17.    Defendants CoreCivic, by and through Doe Defendants 1-100 in their individual and official capacities, established customs, policies and practices which directly and proximately caused the deprivation of the Plaintiff's constitutional rights as alleged herein.  Defendants were deliberately indifferent to the safety of the Plaintiff and other TCCF inmates. These policies created unconstitutional conditions of confinement.

18.    Such unwritten policies, customs and practices include but are not limited to the following:

a.    Inadequate and improper training, supervision and discipline of TCCF corrections officers;

b.    Inadequate and improper procedures and practices in screening, hiring, training, supervising and disciplining officers who practice, condone or use excessive force upon TCCF inmates, including the Plaintiff, in violation of their constitutional rights;

c.    Inadequate and improper procedures, policies and practices for investigating improper activities by TCCF correctional officers either through offender complaints of misconduct or through internally-initiated complaints or investigations;

d.    Inadequate or improper procedures, policies and practices for identifying and taking appropriate action against TCCF correctional officers who are in need of re-training, corrective measure, reassignment, or other non-disciplinary actions, through a positive or early warning system designed to prevent the violation of inmates' rights;

e. Failing to prevent and/or investigate allegations of improper conduct between TCCF correctional officers and inmates which directly led to the March 1, 2020 assault; and

f. Failing to adequately staff TCCF with trained and qualified guards and allowing the prison to be understaffed.

## CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF EIGHTH AMENDMENT

19. Plaintiffs incorporate paragraphs 1 through 18 as though fully set forth herein.

20. By and through the actions described above, Defendants CoreCivic, by and through Doe Defendants 1-100 in their individual and official capacities, violated the Eighth Amendment right of Plaintiff to be free from cruel or unusual punishment. Defendants violated Plaintiff's right to be afforded a reasonable degree of safety from serious bodily attack and to be secure in their bodily integrity.

21. The actions and inactions of Defendants described above that caused the in assault on Plaintiff and violated his clearly established constitutional rights was effected in a manner that was objectively unreasonable, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff's rights.

22. Miller's unlawful assault, his violation of Plaintiff's bodily integrity and right to personal security, proximately caused Plaintiff to suffer damages and injuries. These damages include physical injuries, pain and suffering, lost liberty and psychological and emotional distress.

## NEGLIGENCE/GROSS NEGLIGENCE

23. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 22 hereinabove.

24. At all times relevant herein, every Defendant and Doe Defendant had a duty to

6

exercise ordinary care for the prisoners at TCCF including the Plaintiff. Every Defendant and Doe Defendant breached that duty, by failing to use the ordinary care that a reasonable person would use to avoid injury to others, which led directly to injuries to Plaintiff. The breach was so egregious as to amount to gross negligence.

25. A special relationship exists between Defendants and the inmates at TCCF. Such a relationship gives rise to a duty to control the conduct of third persons. Defendants breached this duty by failing to protect Plaintiff from the assault described herein. Plaintiff's status as a disabled individual heightens this duty of care that was owed to him by Defenants.

26. Plaintiff's injuries were the reasonably foreseeable outcome of Defendants' acts and omissions. These acts and/or omissions were substantial factors in bringing about the Plaintiff's injuries.

## NEGLIGENT HIRING, RETENTION, TRAINING, SUPERVISION, AND MANAGEMENT

27. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 26 hereinabove.

28. Plaintiff alleges CoreCivic and John Does 1-100 negligently hired, supervised, managed, and retained its employees, inter alia, by a) failing to care for and ensure the Plaintiff's safety while at TCCF; b) properly train, supervise, discipline, retain, hire, and/or discharge its employees agents, and/or representatives; and c) were otherwise negligent in their care and treatment of the Plaintiff, and as a direct and proximate result, the Plaintiff sustained the injuries alleged herein.

29. Upon information and belief, Miller had engaged in similar conduct prior to the incident and TCCF supervisors were, or should have been, aware of this. Additionally, TCCF was

generally aware of allegations regarding improper conduct between correctional officers and inmates prior to the incident as well as other improper conduct and actions by its employees.

## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30.     Plaintiff incorporates all allegations set forth in Paragraphs 1 through 29 hereinabove.

31.     As a result of the action and/or inaction of Miller, Morehead, and Hampton, and the negligent omissions to act by CoreCivic and Doe Defendants 1-100, Plaintiff has endured serious emotional distress.

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

32.     Plaintiff incorporates all allegations set forth in Paragraphs 1 through 31 hereinabove.

33.     CoreCivic authorizes their employees to use discretion in disciplining inmates for disrespecting correctional officers. Miller acted in the scope of his employment when he believed he needed to enforce discipline towards Plaintiff. As a result of Miller's exercise of that discretion, Plaintiff suffered the harms alleged herein.

34.     CoreCivic and Doe Defendants 1-100 provided Miller with extraordinary power over the Plaintiff and that power aided him in committing the torts against the Plaintiff. Morehead and Hampton failed to intervene to stop the assault on the Plaintiff. CoreCivic, as employers, are liable for their actions which were undertaken during the course and scope of their employment.

## PUNITIVE DAMAGES

35.     The Plaintiff incorporates all allegations set forth in Paragraphs 1 through 34 hereinabove.

36.     The Defendants have acted in complete disregard for the safety of the Plaintiff by acting in a negligent and/or grossly negligent manner as previously described herein.  The actions of the Defendants warrant punitive damages.

37.     The Defendants' actions exhibited gross negligence and direct disregard of the safety of the Plaintiff.  Punitive damages should be awarded against the Defendants.  Defendants' tortuous actions have caused the Plaintiff bodily injures, emotional distress and mental anguish.

## PRAYER FOR RELIEF

The Plaintiff requests a jury trial and seeks the following relief:

A.     Compensatory damages of, from and against the Defendants, each and severally, in amount to be determined by this Court;

B.     Punitive damages of, from and against the Defendants, in an amount to be determined by this Court;

C.     Reasonable attorney's fees and all costs of this Court;

D.     Pre and post judgment interest; and

E.     Such other general and special relief as appears reasonable and just in this cause.

21.     The Defendants' actions exhibited negligence and/or gross negligence and direct disregard of the safety of the Plaintiff. Punitive damages should be awarded against the Defendants.  Defendants' tortious actions have caused the Plaintiff's injuries, both physical and mental.

RESPECTFULLY SUBMITTED, THIS the 26th day of February 2021.

QUINTIN WRIGHT, PLAINTIFF

BY:     _/s/ Charles R. Mullins_____
              CHARLES R. MULLINS

9

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-1600
chuckm@coxwelllaw.com

***Attorney for Plaintiff***